E-FILED
Monday, 18 May, 2026  09:45:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BILLY A. SPEAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:26-cv-04001-SEM-DJQ |
| | ) | |
| KURT OSMUNDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Facility, now proceeds in forma pauperis. He is paying a reduced filing fee as determined under the Court's procedure to address filing fees for impoverished civil detainees.

### I.    MERIT REVIEW

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the operative Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Dr. Kurt Osmundson, Wexford Health Sources, Inc., NP Rhonda Mills, RN Zachary Shawgo, RN Renee Engles, IDHS Secretary Dulce Quintero, Assistant Program Director Erin Posey, Director of Security Ashley Gregory, Assistant Director of Security Sandra Ham, Security Therapy Aide Robert T. Downs, Store Keeper 3 Amanda Riesche, and Personal Property Employee D. Zimmer.

Plaintiff alleges that on September 23, 2025, at about 8:30 p.m., Defendant Engles provided Plaintiff with a cup of pills, which he took, but which had been provided to him in error, as they in fact were another resident's pills. At about 9:15 that evening Plaintiff was called to the health care unit for admission to the infirmary for observation, on Dr. Osmundson's orders. Plaintiff believes he should have been taken to a hospital and had his

stomach evacuated instead of being merely observed. Plaintiff alleges he experienced low blood pressure from taking the wrong medication. Plaintiff was told that occasionally residents' medication cups are mixed up.

On December 30, 2025, at 9:35 in the evening, Plaintiff was speaking on the phone and said he planned to sue over the medication issue. The next morning, Defendant Downs performed a shakedown search of Plaintiff's room, during which he repeatedly asked Plaintiff and his roommate where the lawsuit paperwork was. Downs specified he was looking for the lawsuit against RN Engles. Plaintiff said he did not know what Downs was talking about, and Downs responded by removing Plaintiff's electronics.

Plaintiff states a First Amendment retaliation claim against Downs. He plausibly alleges that Downs engaged in a search of Plaintiff's room, and removed Plaintiff's electronics, in retaliation for Plaintiff's stated intention to file a lawsuit against Engles. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016); *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015).

Plaintiff's remaining allegations do not state a claim. Occasional medication mix-ups do not spell a violation of the

Constitution of the United States. *See Zentmyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir. 2000).[1] There is no indication that Dr. Osmundson's decision to observe Plaintiff in the infirmary was anything but an appropriate exercise of his professional judgment. *See Johnson v. Rimmer*, 936 F.3d 695, 708 (7th Cir. 2019). Plaintiff alleges he did not receive his personal electronics back as rapidly as he would have liked, and his temporary deprivation of his electronics is encompassed in this retaliation claim against Downs, but his scant allegations regarding the handling of his personal property are not actionable against the property staff Defendants. Plaintiff has not plausibly alleged the personal involvement of any other Defendant such that he can proceed against them in this suit.

    II.    INJUNCTIVE RELIEF

Plaintiff has also moved for entry of a temporary restraining order. Doc. 5.

Plaintiff asserts that IDHS is not supposed to remove residents' personal electronics for any reason. He asserts that other residents have had their rooms searched and that their personal

---

[1] *Zentmyer* is a Fourteenth Amendment case but was decided under the deliberate indifference standard. However, applying Plaintiff's allegations here to the current objective unreasonableness standard calls for the same result. Not every confusion or mistake is a violation of the Constitution.

property was returned to them the next day. He seeks an injunction directing the immediate return of his personal electronics.

A temporary restraining order or preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted).

Plaintiff has not established (indeed, he does not argue) that he will suffer irreparable harm based on the temporary deprivation of his personal electronics. As such, his request for an injunction is denied.

IT IS THEREFORE ORDERED:

1. **Motion for Leave to Proceed in Forma Pauperis [3] is granted.**
2. **Motion for Temporary Restraining Order [5] is denied.**

3. Motions for Status [6], [8] are moot.

4. Plaintiff states a First Amendment retaliation claim against Defendant Downs. Any additional claims and parties shall not be included in the case. Clerk is to terminate all parties aside from Downs.

5. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

6. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

8. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to

dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

9. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

11. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

Entered this 18th day of May, 2026.

_s/Sue E. Myerscough_

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
